# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.D. TRADE Belgium S.P.R.L.,<br>    Vredebaan 69, 2640 Mortsel Belgium.<br><br>*Plaintiff*,<br><br>v.<br><br>The Republic of Guinea,<br>    c/o Head of the Ministry of Foreign Affairs<br>    Centre directionnel de Koloma BP:2519<br>    Conakry, République de Guinée<br><br>*Defendant*. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff A.D. TRADE Belgium S.P.R.L. ("A.D. Trade"), by its attorneys, Kobre & Kim LLP, as and for its Complaint against Defendant Republic of Guinea ("Guinea"), alleges as follows:

## THE NATURE OF THE ACTION

1. Guinea breached two commercial agreements with Belgian security company A.D. Trade. Both agreements included arbitration clauses governed by the 1958 Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"). Pursuant to these agreements, arbitral tribunals were convened by the International Chamber of Commerce's International Court of Arbitration ("ICC") in Paris, France, and those ICC tribunals found Guinea liable to A.D. Trade under those two agreements. These decisions—rendered in two separate final arbitration awards, one of which has also been reduced to a final and enforceable court judgment in France—should be recognized and enforced as a judgment by this Court.

2. In 2011, Guinea hired A.D. Trade to create a new intelligence unit for the country's newly elected President, and to provide support and training for that unit. Declaration of Cédric Fischer ("Fischer Decl.") at Ex. B ¶ 33. When Guinea failed to make the payments required by

the agreement, A.D. Trade referred the dispute to arbitration before the ICC. In an award dated November 22, 2017 ("2017 Award"), the ICC tribunal found Guinea liable to A.D. Trade for a total of EUR 46,074,463 and USD 157,402.50, plus interest. Fischer Decl., Ex. B at 68–69. On December 8, 2017, a French court, the Tribunal de Grande Instance of Paris, France, issued an order of recognition, or "exequatur," for the 2017 Award, resulting in an enforceable French judgment ("2017 Judgment"). Fischer Decl., Ex. H at 1–2.

3. In the second agreement, also concluded in 2011, Guinea hired A.D. Trade to acquire and deliver a transport aircraft, along with ground assistance equipment, and to train pilots and other personnel. Fischer Decl., Ex. Q ¶¶ 78, 92. Again, Guinea failed to make the payments required by the agreement. After A.D. Trade and Guinea agreed on a superseding agreement, Guinea once more failed to make the required payments. A.D. Trade referred this dispute to arbitration before the ICC as well, and an ICC tribunal again issued an award, dated February 3, 2020 ("2020 Award," and together with the 2017 Award, the "Awards"), finding Guinea liable to A.D. Trade for another USD 5,293,854.00. Fischer Decl., Ex. Q at 57–58.

4. In the years since the two ICC tribunals made the Awards, Guinea has paid *nothing* to A.D. Trade, who now brings this action to enforce the Awards in this District. Fischer Decl. ¶ 26. Because Guinea may assert as an affirmative defense that, with respect to the 2017 Award, this action is brought outside the three-year period for recognizing foreign arbitration awards under the Federal Arbitration Act, *see* 9 U.S.C. § 207, A.D. Trade also seeks recognition of the French court's 2017 Judgment under the District of Columbia's Uniform Foreign-Country Money Judgments Recognition Act of 2011, D.C. Code §§ 15-361, *et seq*. ("D.C. Recognition Act").

5. Although Guinea is a foreign state, it is not immune from jurisdiction in this action to confirm the Awards and, by extension, to recognize the 2017 Judgment based on the 2017

Award.  Guinea entered into binding agreements to arbitrate the parties' disputes that are governed by the New York Convention, which means that two separate exceptions to Guinea's sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") apply:  the waiver exception and the arbitration exception.  28 U.S.C. § 1605(a)(1), (6).

## THE PARTIES

6. Plaintiff A.D. Trade is a limited liability company incorporated under the laws of Belgium, which has its principal place of business in Mortsel, Belgium.  A.D. Trade specializes in the sale of security and military equipment.

7. Defendant Guinea is a foreign state within the meaning of the FSIA.  *See* 28 U.S.C. § 1603(a).

## JURISDICTION AND VENUE

8. A.D. Trade's claims arise under Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. §§ 201, *et seq.*, which applies the New York Convention to award-recognition actions brought in United States courts, and under the D.C. Recognition Act, which governs the enforcement of money judgments rendered by non-U.S. courts in the District of Columbia.

9. This Court has original jurisdiction in this action against Guinea under 28 U.S.C. § 1330(a).  Guinea is a foreign state and is not entitled to immunity under two exceptions to immunity set forth at 28 U.S.C. § 1605 because Guinea agreed to arbitrate its commercial disputes with A.D. Trade in Paris, France, under the ICC's rules.  Under Section 1605(a)(1), Guinea "waived its immunity either explicitly or by implication," including because Guinea is a contracting party to the New York Convention and Guinea agreed to arbitrate in the territory of another contracting party to the New York Convention, namely France.  Under Section 1605(a)(6)(B) and (D), Guinea is not immune from this action brought "to enforce an agreement"

to arbitrate made by Guinea, and "to confirm an award made pursuant to such an agreement to arbitrate," because the agreements and awards are governed by the New York Convention and because Section 1605(a)(1) applies.

10. This Court also has subject-matter jurisdiction under 28 U.S.C. § 1331 because actions to confirm arbitration awards governed by the New York Convention shall be deemed to arise under the laws and treaties of the United States. 9 U.S.C. § 203.

11. The Court has personal jurisdiction over Guinea under 28 U.S.C. § 1330(b) because A.D. Trade will effect service on Guinea under 28 U.S.C. § 1608 of this title.

12. Venue is proper in this District under 28 U.S.C. § 1391(f)(4).

## THE 2017 AWARD

13. On January 11, 2011, Guinea entered into a written commercial agreement with A.D. Trade known as Contract Leopard ("Contract Leopard"). Fischer Decl., Ex. B ¶ 56.

14. Under Contract Leopard, Guinea would pay A.D. Trade to create a new intelligence unit for the country's newly elected President, Alpha Condé, and to provide support and training for that unit. Fischer Decl., Ex. D at Article 1.1 & Appendix A. Guinea entered Contract Leopard to ensure that President Condé had an intelligence service that would be loyal to him, rather than to the previous leaders of Guinea. Fischer Decl., Ex. B ¶ 49.

15. Contract Leopard included an agreement to arbitrate: "All disputes and litigation arising from this contract shall be settled amicably. Failing an amicable settlement, the two parties will rely on the Conciliation and Arbitration Rules of the International Chamber of Commerce of Paris [for settlement of the dispute] by three arbitrators in accordance with such rules." Fischer Decl., Ex. D at Article 9.1.

16. After Guinea failed to make the payments required under Contract Leopard, A.D. Trade filed a Request for Arbitration with the Secretariat of the Court of the ICC on October 8, 2015. Fischer Decl., Ex. B ¶ 6.[1]

17. The arbitration clause provided that, "in the event of arbitration proceedings being brought by either of [the parties], the President of the Chamber of Commerce shall appoint three arbitrators." Fischer Decl., Ex. D at Article 9.5.

18. Pursuant to that arbitration clause, the ICC "confirmed the appointment by the President of the ICC of the three members of the Arbitral Tribunal." Fischer Decl., Ex. B ¶ 9.

19. Guinea was notified of the arbitration and participated through its counsel DLA Piper. Fischer Decl., Ex. B ¶¶ 6, 13.

20. The arbitration took place in Paris, France. Fischer Decl., Ex. B at 69.

21. Guinea did not contest the jurisdiction of the ICC tribunal. Fischer Decl., Ex. B ¶ 32.

22. After obtaining written submissions from both parties, the ICC tribunal heard witnesses and experts from both parties at a hearing that lasted from April 18 to April 20, 2017. Fischer Decl., Ex. B ¶ 25.

23. On November 22, 2017, the ICC tribunal made a final award against Guinea and in favor of A.D. Trade. Fischer Decl., Ex. B at 68–69. The ICC tribunal found Guinea liable for

---

[1] The Request for Arbitration also sought to arbitrate Guinea's breach of another agreement, which was also entered into on January 11, 2011. This other agreement provided that Guinea would pay A.D. Trade to provide security services for the residence of Guinea's President in the Guinean capital, Conakry. Fischer Decl., Ex. F ("Contract Panther"). This Complaint does not address Contract Panther because the 2017 Award did not find Guinea liable to A.D. Trade for breaching that agreement.

breaching Contract Leopard, which it found to be an enforceable agreement. Fischer Decl., Ex. B ¶¶ 152, 176, 217, 237–38, 241, 267, 304.

24. The ICC tribunal dismissed Guinea's counterclaims against A.D. Trade. Fischer Decl., Ex. B ¶¶ 305–06.

25. The ICC tribunal awarded to A.D. Trade:

   i. "EUR 31,906,745 as payment for services and equipment provided under the Leopard contract;"

   ii. "EUR 13,782,599 in simple default interest of 10.3% calculated up until October 5, 2016;"

   iii. "Capitalized default interest of 10.3% as of October 6, 2016, until the date of payment in full of the amounts awarded" in paragraph (i) above; and,

   iv. "USD 157,402.50 for the ICC costs of arbitration and EUR 385,119 for the cost of defence."

Fischer Decl., Ex. B at 68–69.

26. The 2017 Award is enforceable under the New York Convention, which the United States, France, and Guinea have ratified and enacted, and there are no grounds for the Court to refuse recognition and enforcement of the 2017 Award under Article V of the New York Convention.

27. Guinea unsuccessfully sought to annul or set aside the 2017 Award in the Paris Court of Appeal, which upheld the award. Fischer Decl., Ex. O at 15 ("Consequently, the appeal for annulment against the award handed down on November 22, 2017 . . . should be rejected.").

28. As of the date of this Complaint, the French courts have not annulled, set aside, or otherwise disturbed the 2017 Award. Fischer Decl. ¶ 19.

29. Guinea has not paid A.D. Trade any of the amounts owed under the 2017 Award. *Id.* ¶ 26.

## THE 2017 JUDGMENT

30. On December 7, 2017, A.D. Trade commenced proceedings in the Tribunal de Grande Instance of Paris to enforce the 2017 Award in France against Guinea. Fischer Decl., Ex. H at 1.

31. On December 8, 2017, the Tribunal de Grande Instance of Paris issued an order of recognition, or "exequatur," of the 2017 Award, constituting the 2017 Judgment. Fischer Decl., Ex. H at 2.

32. On March 6, 2018, A.D. Trade served Guinea with the exequatur. Fischer Decl., Exs. J & L.

33. Under the laws of France, the 2017 Judgment recognized the 2017 Award and incorporated it into the French legal system. Fischer Decl. ¶ 20. The 2017 Judgment became enforceable as of the date it was served on Guinea, which here was March 6, 2018. The 2017 Judgment is final, conclusive, and enforceable for the sum of money granted in the 2017 Award.

34. The 2017 Judgment granted A.D. Trade recovery of a sum of money equal to the 2017 Award, which is EUR 46,074,463 and USD 157,402.50. Fischer Decl., Ex. H at 2.

35. In the same proceeding before the Paris Court of Appeal in which Guinea unsuccessfully sought to annul or set aside the 2017 Award, Guinea also unsuccessfully sought to annul or vacate the 2017 Judgment. Fischer Decl., Ex. O at 15 ("Consequently, the appeal for annulment against . . . the order of the judge who conferred the exequatur should be rejected.").

36. As of the date of this Complaint, the French courts have not annulled, vacated, or otherwise disturbed the 2017 Judgment. Fischer Decl. ¶ 19.

37. Guinea has not paid A.D. Trade any of the amounts owed under the 2017 Judgment. Fischer Decl. ¶ 26.

## THE 2020 AWARD

38. On June 15, 2011, Guinea entered into a written commercial agreement with A.D. Trade ("Contract Elephant"). Fischer Decl., Ex. Q ¶ 91.

39. Under Contract Elephant, Guinea would pay A.D. Trade to acquire and deliver a transport aircraft (model CASA CN 235-220), along with ground assistance equipment, and to train pilots and other personnel. Fischer Decl., Ex. Q ¶ 92. Guinea entered into this agreement to bolster the country's military and security capabilities. *See* Fischer Decl., Ex. Q ¶¶ 74–79.

40. After Guinea failed to make the payments required under Contract Elephant, the parties entered into a superseding agreement, known as Elephant Protocol, which set a payment schedule for the services that A.D. Trade had provided under Contract Elephant ("Elephant Protocol"). Fischer Decl., Ex. S.

41. The Elephant Protocol included an agreement to arbitrate: "In the event that the Parties fail to reach a resolution within one month of the request of the most diligent Party, the Dispute will be settled by means of an international arbitration conducted in accordance with the arbitration rules of the International Chamber of Commerce in force on the date of the introduction of arbitration (hereinafter referred to as 'the Rules')." Fischer Decl., Ex. S ¶ 5.2.[2]

---

[2] The Elephant Protocol also includes a "Waiver of privilege and immunity from jurisdiction" in which Guinea "expressly and definitively" waived "any immunity from jurisdiction and execution on all of its assets." Fischer Decl., Ex. S ¶ 6 & 6.2.

42. After Guinea failed to make the payments required under Elephant Protocol, A.D. Trade filed a Request for Arbitration with the Secretariat of the Court of the ICC on November 2, 2016. Fischer Decl., Ex. Q ¶ 8.[3]

43. The arbitration clause in the Elephant Protocol provided that "[t]he Arbitral Tribunal shall be composed of three arbitrators, each Party appointing an arbitrator, while the president of the Arbitral Tribunal is appointed by said co-arbitrators and, failing that, by the Court in accordance with the Rules." Fischer Decl., Ex. S ¶ 5.3.

44. Pursuant to that arbitration clause, the parties each appointed an arbitrator, and those arbitrators appointed the third arbitrator, who would be the president of the ICC tribunal. The Secretary General of the ICC confirmed the appointment of the arbitrators. Fischer Decl., Ex. Q ¶¶ 8–13.

45. Guinea was notified of the arbitration and participated through its counsel DLA Piper. Fischer Decl., Ex. Q ¶¶ 7, 18.

46. The arbitration took place in Paris, France. Fischer Decl., Ex. Q at 59.

47. The ICC tribunal found that it had jurisdiction. Fischer Decl., Ex. Q ¶¶ 15, 236–40.

48. After obtaining written submissions from both parties, the ICC tribunal heard experts from both parties at a hearing that lasted from January 29 to January 30, 2019. Fischer Decl., Ex. Q ¶¶ 47–50.

49. On February 3, 2020, the ICC tribunal made a final award against Guinea and in favor of A.D. Trade. Fischer Decl., Ex. Q at 57–59. The ICC tribunal found that both Contract

---

[3] Although Contract Elephant also contained an agreement to arbitrate, A.D. Trade initiated the arbitration under the Elephant Protocol.

Elephant and the Elephant Protocol were invalid. Fischer Decl., Ex. Q ¶ 244. However, the ICC tribunal concluded that Guinea should not be allowed to retain the benefit of A.D. Trade's performance under the agreements. Ex. Q ¶ 253 (invalidity of agreement "entails, in principle, the restitution of reciprocal services").

50. The ICC tribunal observed that because the transport aircraft that A.D. Trade had sold to Guinea was later destroyed in an accident, it was "impossible [for Guinea] to return the aircraft." Ex. Q ¶ 253. Accordingly, the ICC tribunal "assess[ed] the issue of restitution according to the behavior and extent of the '*turpitudes*' of the two Parties." Ex. Q ¶ 253. The ICC tribunal found that it was a breach of good faith by Guinea "to receive services, to receive the object of an agreement of sale, to use it, then not pay for it, then agree to a payment plan before invoking the invalidity of the agreement, even though he himself has destroyed the main subject of the agreement." Fischer Decl., Ex. Q ¶ 297.

51. The ICC tribunal therefore declared that Guinea was 60% responsible for the situation. Fischer Decl., Ex. Q ¶¶ 297–299.

52. The ICC tribunal awarded to A.D. Trade the sum of USD 5,061,854.00. Fischer Decl., Ex. Q at 57.

53. The ICC tribunal held that the arbitration costs of USD 464,000 "would be borne equally by the Parties." Fischer Decl., Ex. Q at 57. Because A.D. Trade had advanced to the ICC an amount equal to the costs of the arbitration proceedings, the ICC tribunal ordered Guinea to reimburse A.D. Trade the sum of USD 232,000 "with interest at the legal rate under French law from the date of receipt of this award and until full payment." Fischer Decl., Ex. Q at 57–58.

54. The 2020 Award is enforceable under the New York Convention, which the United States, France, and Guinea have ratified and enacted, and there are no grounds for the Court to

refuse recognition and enforcement of the 2020 Award under Article V of the New York Convention.

57. As of the date of this Complaint, the French courts have not annulled, set aside, or otherwise disturbed the 2020 Award. Fischer Decl. ¶ 25.

56. Guinea has not paid A.D. Trade any of the amounts owed under the 2020 Award. Fischer Decl. ¶ 26.

## COUNT I – CONFIRMATION OF THE 2017 AWARD

57. A.D. Trade incorporates each allegation in paragraphs 1 through 56 as if set forth fully herein.

58. The ICC tribunal concluded in the 2017 Award that a valid agreement to arbitrate existed between A.D. Trade and Guinea.

59. The 2017 Award was made in France, which is a contracting state to the New York Convention other than the one in which A.D. Trade now seeks recognition.

60. Guinea and the United States are each also contracting states to the New York Convention, under which a district court "shall confirm" an arbitration award made in another signatory state "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

61. There is no reason for this Court not to recognize the 2017 Award based on any of the grounds set forth in Article V of the New York Convention.

62. The Court should therefore confirm the 2017 Award under the New York Convention and 9 U.S.C. § 207.

## COUNT II – RECOGNITION OF THE 2017 JUDGMENT

63. A.D. Trade incorporates each allegation in paragraphs 1 through 56 as if set forth fully herein.

64. France is a "foreign countr[y]" under the D.C. Recognition Act. *See* D.C. Code § 15-362.

65. The 2017 Judgment is a "foreign-country judgment" under the D.C. Recognition Act. *See id*.

66. The 2017 Judgment grants "recovery of a sum of money." *See id.* § 15-363(a)(1).

67. The 2017 Judgment is final, conclusive, and enforceable "[u]nder the law of the foreign country where [it was] rendered," which is France. *Id.* § 15-363(a)(2)(A)–(C).

68. The 2017 Judgment is not a fine or other penalty or a judgment for taxes, divorce, support, maintenance, or other domestic relations matter.

69. The 2017 Judgment therefore satisfies all the grounds for recognition under the D.C. Recognition Act, and the 2017 Judgment should be recognized as a judgment of this Court. *See id.* § 15-364(a).

## COUNT III – CONFIRMATION OF THE 2020 AWARD

70. A.D. Trade incorporates each allegation in paragraphs 1 through 56 as if set forth fully herein.

71. The ICC tribunal concluded in the 2020 Award that a valid agreement to arbitrate existed between A.D. Trade and Guinea.

72. The 2020 Award was made in France, which is a contracting state to the New York Convention other than the one in which A.D. Trade now seeks recognition.

73. Guinea and the United States are each also signatories to the New York Convention, under which a district court "shall confirm" an arbitration award made in another signatory state "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

74. There is no reasonable argument for this Court not to recognize the 2020 Award based on any of the grounds set forth in Article V of the New York Convention.

75. The Court should therefore confirm the 2020 Award under the New York Convention and 9 U.S.C. § 207.

## DEMAND FOR RELIEF

WHEREFORE, A.D. Trade requests that the Court enter an Order:

(a) Confirming the 2017 Award against Guinea pursuant to the New York Convention, and/or recognizing and enforcing the 2017 Judgment pursuant to the D.C. Recognition Act;

(b) Entering judgment in favor of A.D. Trade and against Guinea based on the 2017 Award and/or the 2017 Judgment in the following amounts:

1. EUR 31,906,745, plus compound interest at a rate of 10.3% from October 6, 2016, until the date of payment in full of this amount and all accrued interest;

2. EUR 13,782,599, reflecting simple default interest up until October 5, 2016, as calculated in the 2017 Award;

3. USD 157,402.50, reflecting the ICC costs of arbitration as calculated in the 2017 Award;

4. EUR 385,119, reflecting the cost of defense as calculated in the 2017 Award;

5. Post-judgment interest on the amounts in (2), (3), and (4) from the date that the Court enters judgment.

    (c)    Confirming the 2020 Award against Guinea pursuant to 9 U.S.C. § 207;

    (d)    Entering judgment in favor of A.D. Trade and against Guinea based on the 2020 Award in the amount of USD 5,293,854.00, plus pre-judgment interest from the date of the 2020 Award until the date that the Court enters judgment and post-judgment interest from the date that the Court enters judgment;

    (e)    Awarding costs in the present action; and

    (f)    Awarding such other and further relief as the Court deems appropriate.

Dated: January 31, 2022  
       Washington, D.C.

/s/ Josef M. Klazen  
Josef M. Klazen  
D.C. Bar No. 1003749  
Darryl G. Stein  
D.D.C. Bar No. NY0338  
Steven G. Kobre  
D.C. Bar No. 448923  
KOBRE & KIM LLP  
800 Third Avenue  
New York, New York 10022  
+1 212 488 1200  
josef.klazen@kobrekim.com  
darryl.stein@kobrekim.com  
steven.kobre@kobrekim.com  

Geoffrey J. Derrick  
D.C. Bar No. 242467  
KOBRE & KIM LLP  
1919 M Street NW  
Washington, DC 20036  
+1 202 664 1900  
geoffrey.derrick@kobrekim.com  

*Attorneys for Plaintiff*  
*A.D. Trade Belgium S.P.R.L.*