UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| A.D. TRADE Belgium S.P.R.L.,<br><br>*Plaintiff*,<br><br>v.<br><br>The Republic of Guinea,<br><br>*Defendant*. | Civil Action No. 1:22-cv-00245 |

**SUPPLEMENTAL DECLARATION OF CÉDRIC FISCHER**

I, Cédric Fischer, Esq., hereby declare as follows:

1. I am an attorney and partner with the law firm FTMS Avocats in Paris, France. I hold a Master of Laws (*Maîtrise*) in Judicial Careers and a Postgraduate degree (*DEA*) in Real Estate, Urban and Rural Law from the University of Paris II Panthéon-Assas. I have been admitted to practice law in France since 1980. I was counsel for Plaintiff A.D. Trade Belgium S.P.R.L. ("A.D. Trade") in the underlying arbitrations against the Republic of Guinea convened by the International Chamber of Commerce's International Court of Arbitration ("ICC") in Paris, France.

2. I previously submitted a declaration in this case dated January 28, 2022. I submit this supplemental declaration to explain certain aspects of French law and legal procedure.

3. The legal effect of the exequatur issued by the Tribunal de Grande Instance of Paris, dated December 8, 2017 ("2017 Exequatur"), was to incorporate the Final Award of the ICC in Paris, France, in Case No. 21390/MCP/DDA between A.D. Trade and the Republic of Guinea, dated November 22, 2017, into the French legal system so that it can be enforced like other civil French judgments.

1

4. The holder of a civil judgment in France can enforce that judgment for 10 years, under Article L.111-4 the French Civil Enforcement Proceedings Code. Accordingly, A.D. Trade can enforce the 2017 Judgment in France for 10 years from the date of its service on Guinea, March 6, 2018.

5. The April 13, 2021 decision of the Paris Court of Appeal denying the Republic of Guinea's application to annul or set aside the 2017 Award and the 2017 Judgment made both the 2017 Award and the 2017 Judgment final and conclusive. The time has elapsed for Guinea to seek any further relief from the 2017 Award or 2017 Judgment in the French Courts.

6. Under Article 1343-2 of the French Civil Code, if a contract or a decision so provides, interest will be compounded. Interest is then compounded yearly unless the parties agree otherwise.

7. The French Ministry for the Economy and Finance publishes a standard legal interest rate in France, which is calculated in accordance with the French Monetary and Financial Code. It applies to money judgments entered under French law and is updated every six months. In addition, Article L. 313-3 of the French Monetary and Financial Code provides that a creditor may add 5% to the standard legal interest rate in France starting two months from the date of proper service of a French judgment.

8. At the relevant times, the following were the standard legal interest rates in France:

| Period | Rate |
|---|---|
| July 1, 2017, to December 31, 2017: | 0.90% |
| January 1, 2018, to June 30, 2018: | 0.89% |
| July 1, 2018, to December 31, 2018: | 0.88% |
| January 1, 2019, to June 30, 2019: | 0.86% |
| July 1, 2019, to December 31, 2019: | 0.87% |
| January 1, 2020, to June 30, 2020: | 0.87% |
| July 1, 2020, to December 31, 2020: | 0.84% |
| January 1, 2021, to June 30, 2021: | 0.79% |
| July 1, 2021, to December 31, 2021: | 0.76% |

        January 1, 2022, to June 30, 2022:        0.76%

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 10, 2022
       Paris, France

_____
Cédric Fischer, Esq.
FTMS Avocats
67, boulevard Malesherbes,
75008 Paris, France
+33 1 47 23 47 24
cfischer@ftmsavocats.com